IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

CASE NO.: 4:06-CV-10116-KMM-MOORE-GARBER

*6201/LMcMx*

RONALD TASSINARI, an individual,
and SHEILA SILVA, as next best friend
of ASHLEY SILVA, a minor,

        Plaintiffs,

vs.

KEY WEST WATER TOURS, L.C.,
a Florida Corporation,

        Defendant.
-----------------------------------------------------------------/
KEY WEST WATER TOURS, L.C.,
a Florida Corporation,

        Defendant/Third-Party Plaintiff,

vs.

JEFFREY WILKERSON,
an individual,

        Third-Party Defendant.
-----------------------------------------------------------------/

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT**

        Plaintiffs RONALD TASSINARI, and ASHLEY SILVA through SHEILA SILVA, file their

Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment [D.E. 51] as follows:

**I.**         **Florida's Vessel Safety Laws Apply as Fulfillment of Federal Recreational Boating Safety Laws, Provide a Private Cause of Action, and Establish Statutory Fault Under *The Pennsylvania* Rule to Preclude Limitation of Liability.**

        1.      Florida statutory law applies in the instant matter, as the statutes flesh out the

interstices of The Recreational Boating Safety Act of 1986, codified as 46 U.S.C. § 13101 et seq.

See, e.g., Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 206 (U.S. 1996) (admiralty jurisdiction

*Tassinari, et al. v. Key West Water Tours, L.C.*
Case No. 4:06-CV-10116-KMM-MOORE-GARBER
*Reply to KWWT's Response to Motion for Summary Judgment as to Defendant's Liability*
-----------------------------------------------------------------------------------------------------------

requires application of substantive admiralty law, but exercise of admiralty jurisdiction does not result in automatic displacement of state law), quoting <u>Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.</u>, 513 U.S. 527, 545 (1995).

      **A.**      **Florida Statutes Chapter 327, Pursuant to 46 U.S.C. § 13101 et seq., Applies.**

3.      Use of state maritime law not inconsistent with federal maritime law is permitted in admiralty cases. <u>See, e.g.</u>, <u>Nemec v. Polley</u>, 129 Cal. App. 2d 453, 456-457 (Cal. 4th Ct. App. 1954) (applying state law maritime law in a maritime collision case, in addition to U.S. Code Chapter 33). In the instant matter, Congress' declaration of policy is clearly stated in 46 U.S.C. § 13102(a), giving assistance to states to further recreational boating safety:

> (a) To encourage greater State participation and uniformity in boating safety efforts, and particularly to permit the States to assume the greater share of boating safety education, assistance, and enforcement activities, the Secretary shall carry out a national recreational boating safety program. Under this program, the Secretary shall make contracts with, and allocate and distribute amounts to, eligible States to assist them in developing, carrying out, and financing State recreational boating safety programs.

46 U.S.C. § 13102 (2000).

4.      The Florida safe boating laws carry out the intended effect of the federal recreational boating safety laws, fleshing out and giving meaning to the purpose of the federal statutes empowering the individual states to promulgate laws to exercise the states' traditional police powers and to regulate recreational vessels regarding boating safety under the guidance of the Secretary. <u>Lehman v. Burnley</u>, 866 F.2d 33, 35 (2d Cir. 1989) ("The Recreational Boating Safety Act was enacted "to encourage greater State participation and uniformity in boating safety efforts, and particularly to permit the States to assume the greater share of boating safety education, assistance,

*Tassinari, et al. v. Key West Water Tours, L.C.*
Case No. 4:06-CV-10116-KMM-MOORE-GARBER
*Reply to KWWT's Response to Motion for Summary Judgment as to Defendant's Liability*
-----------------------------------------------------------------------------------------------------------

and enforcement activities," citing 46 U.S.C. § 13101(a), ..."Through a three-part formula set forth in section 13103 of the Act, federal money is allocated to the states to assist them in developing, carrying out and financing their programs." ... "The United States Coast Guard oversees the state recreational boating safety programs pursuant to a delegation of the Secretary's authority," citing 49 C.F.R. § 1.46(n)(1) (1987)).

     5.    Florida's safe boating laws are therefore not pre-empted by Congress's power, derived from the Supremacy Clause of the United States Constitution, U.S. Const., Art. VI, Cl. 2, to promulgate "the supreme Law of the Land." See, e.g., Folsom v. Kawasaki Motors Corp. U.S.A., 2007 U.S. Dist. LEXIS 37936 (M.D. Ga. 2007) (personal watercraft's off-throttle steering characteristic not considered an inherently defective product under 46 U.S.C. §§ 4301-4311).

     6.    Preemption of state law occurs (1) "when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law;" (2) "when there is outright or actual conflict between federal and state law;" (3) "where compliance with both federal and state law is in effect physically impossible;" (4) "where there is implicit in federal law a barrier to state regulation;" (5) "where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the States to supplement federal law:" and (6) "where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress." Folsom, 2007 U.S. Dist. LEXIS 37936, quoting La. Pub. Serv. Comm'n v. F.C.C., 476 U.S. 355, 368-69 (1986).

     7.    In the instant matter, Congress' intention to work directly with fund state recreational boating safety laws are declared throughout 46 U.S.C. § 13101 et seq. See, e.g, 46 U.S.C. § 13106

*Tassinari, et al. v. Key West Water Tours, L.C.*
Case No. 4:06-CV-10116-KMM-MOORE-GARBER
*Reply to KWWT's Response to Motion for Summary Judgment as to Defendant's Liability*
-----------------------------------------------------------------------------------------------------------

(authorizing the Secretary to establish guidelines prescribing the purposes for funding to the states under the Act, and making funding available to the Secretary "... for payment of expenses of the Coast Guard for personnel and activities directly related to coordinating and carrying out the national recreational boating safety program under this title... to ensure compliance with chapter 43 of this title [46 USCS §§ 4301 et seq.]."). The obvious intent on the part of Congress in enacting the federal recreational boating safety laws renders any assertion by Defendant of preemption without merit.

8. Florida's compliance with the federal legislation resulted in the promulgation of Florida Administrative Code 68 D-36, to properly support the statutory requirements enacted under Chapter 327 of Florida's Statutes:

> The purpose of this chapter is to state the standards for boating safety courses, indicate the procedure for providing proof of successful course completion, establish requirements for violators, provide training requirements for personal watercraft rentals, and list specific Florida Boater Education Temporary Certificate Program contract provisions.

68D-36.101. Purpose. (2004). The Administrative Code, enforced by the Florida Fish and Wildlife Conservation Commission, provides the minimum requirements for boating safety training facilities and instructors (68D-36.103); the minimum standards for boating safety courses (68D-36.104); and the minimum training requirements for personal watercraft rentals (68D-36.107).

9. Defendant is unable, therefore, to assert preemption by federal maritime law, as the relevant federal maritime law specifically encourages and provides funds for compliant state recreational boating safety laws. 46 U.S.C. 46 § 13106. See, e.g., American Dredging Co. v. Miller, 510 U.S. 443, 446-447 (U.S. 1994) (a question as to whether a law conflicts with and thus is pre-empted by federal maritime legislation is challenged by the party opposing the use of the proposed

*Tassinari, et al. v. Key West Water Tours, L.C., et al.*
Case No. 4:06-CV-10116-KMM-MOORE-GARBER
*Reply to KWWT's Response to Motion for Summary Judgment as to Defendant's Liability*
--------------------------------------------------------------------------------------------------------------------

law by satisfying the court conducting the inquiry that the law impermissibly conflicts with the controlling federal maritime law; determining whether forum non conveniens was either a characteristic feature of admiralty or a doctrine whose uniform application is necessary to maintain the "proper harmony" of maritime law).

10. "Federal courts possess jurisdiction over admiralty claims to further the important national interest in establishing a uniform body of maritime law. ... As a result, the '"general maritime law"' is drawn from both state and federal sources and is an 'amalgam of traditional common-law rules, modifications of those rules, and newly created rules' which includes a 'body of maritime tort principles.'" Groff v. Chandris, 835 F. Supp. 1408, 1409 (S.D. Fla. 1993) (holding that Florida's law allocating percentage of fault among defendants impermissibly conflicted with maritime law's provision of joint and several liability: "Under federal maritime law, plaintiffs may obtain judgment for the full amount from any and all joint tortfeasors under the doctrine of joint and several liability"), citations omitted.

11. Even if the pertinent federal maritime rules did not provide for state legislated safety regulations, "... when neither statutory nor judicially created maritime principles provide an answer to a specific legal question, courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law." Coastal Fuels Mktg. v. Florida Express Shipping Co., 207 F.3d 1247, 1251 (11th Cir. 2000), citing, Steelmet, Inc. v. Caribe Towing Corp., 779 F.2d 1485, 1488 (11th Cir.1986) ("One must identify the state law involved and determine whether there is an admiralty principle with which the state law conflicts, and, if there is

*Tassinari, et al. v. Key West Water Tours, L.C., et al.*
Case No. 4:06-CV-10116-KMM-MOORE-GARBER
*Reply to KWWT's Response to Motion for Summary Judgment as to Defendant's Liability*
---------------------------------------------------------------------------------------------------

no such admiralty principle, consideration must be given to whether such an admiralty rule should be fashioned. If none is to be fashioned, the state rule should be followed."); Palestina v. Fernandez, 701 F.2d 438, 439 (5th Cir.1983)("Where there is no uniform federal rule, 'even though admiralty suits are governed by federal substantive and procedural law, courts applying maritime law may adopt state law by express or implied reference or by virtue of the interstitial nature of federal law.'")(quoting Baggett v. Richardson, 473 F.2d 863, 864 (5th Cir.1973)); see also, Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310 (1955).

12. In the instant matter, the use of the Florida safe boating laws could only be denied if use of the statutes regarding livery rentals and vessel safety "... necessarily entails alteration of an admiralty norm in direct contravention of the quest for uniformity," as application of the state statute, if it worked to impose on the defendant a burden which maritime law does not require, will not be granted." Groff v. Chandris, 835 F. Supp. at 1409. Defendant, in an effort to persuade the Tribunal that the laws conflict with federal maritime law, quotes Miami Valley Broadcasting Corp. v. Lang, 429 So. 2d 1333 (Fla. 4th DCA 1983), which is inapplicable, as a violation of Fla. Stat. § 327.48, mirroring U.S. Coast Guard regulations requiring permits for any group holding a regatta in navigable waters, did not apply to defendant Miami Valley Broadcasting Corp. Violation of that statute applied only to the boats' owners, co-defendant Bahia Mar:

> "The evidence reflects that the owner of the boats used in this event was Bahia Mar. In addition, Bahia Mar furnished the operator of the boat in question, and he was directed in its operation by Bahia Mar. Thus the evidence is clear that the charter arrangement involved was not a demise or bareboat charter, but a voyage or time charter."

Lang, 429 So. 2d at 1335-36.

*Tassinari, et al. v. Key West Water Tours, L.C., et al.*
Case No. 4:06-CV-10116-KMM-MOORE-GARBER
*Reply to KWWT's Response to Motion for Summary Judgment as to Defendant's Liability*
-------------------------------------------------------------------------------------------------------

13. Additionally, Defendant Water Tours cites to two decisions from a single case which also do not apply to the case at bar: In re: The Complaint of Royal Caribbean Cruises Ltd., 459 F.Supp.2d 1284 (S.D. Fla. 2006), and In re: The Complaint of Royal Caribbean Cruises Ltd., 459 F.Supp.2d 1275 (S.D. Fla. 2006), concerning claimants who claimed against a Bahamian cruise line for injury arising from a personal watercraft accident in the territorial waters of the Bahamas. Defendant failed to disclose that Florida law was inapplicable because the accident took place in Bahamian waters, quoting the relevant holdings out of context, misleading this Tribunal.

**B.   Florida's Courts Have Held That a Violation of Chapter 327 Provides For a Private Cause of Action.**

14. Plaintiffs respectfully cites to Mihelich v. Travers, 889 So. 2d 837, 840 (Fla. 5th DCA 2004), which held that a violation of a provision of Chapter 327 of the Florida Statutes provides a private cause of action. Id.(determining that Fla. Stat. § 327.58 provides that the safety regulations of chapter 327 "shall apply to all vessels ... operating upon the waters of this state," and that § 327.48 is an applicable safety regulation in the instant matter, that the "sponsor" of the event, SLSC, is liable for damages that proximately result from a violation of the statute, and "Furthermore, the release signed by Gerald is not a defense."), citing, Torres v. Offshore Professional Tour, 629 So. 2d 192 (Fla. 3d DCA 1993).

15. Defendant is additionally incorrect in asserting that state law cannot be used to establish statutory fault for a collision when violation of that statute, designed to prevent collisions, was the proximate cause of the collision. In re American Dredging Co., 873 F. Supp. 1539, 1544-1545 (S.D. Fla. 1994); The Pennsylvania, 86 U.S. 125 (1874) (when a ship is involved in a collision

*Tassinari, et al. v. Key West Water Tours, L.C., et al.*
Case No. 4:06-CV-10116-KMM-MOORE-GARBER
*Reply to KWWT's Response to Motion for Summary Judgment as to Defendant's Liability*
-----------------------------------------------------------------------------------------------------------

and that ship is in violation of a statutory rule that was designed to prevent collisions, the burden shifts to that ship to prove that its statutory violation was not a contributing cause of the collision).

### C. The Time To Petition For Limitation of Liability Has Expired.

16. Defendant is correct in asserting that a petition seeking to limit liability may be raised as an affirmative defense, but because Defendant has been on notice since the original filing of this Complaint in Monroe County Circuit Court on September 12, 2005, case number CAK050000917, the six months time limit to petition has long since expired, rendering any future filing of a petition seeking limitation untimely. Accordingly, the affirmative defense of limitation of liability should be dismissed. See, Paradise Divers, Inc. v. Upmal, 402 F.3d 1087, 1088 (11th Cir. 2005) (affirming District Court's dismissal of petition seeking limitation of liability as untimely; correspondence from Upmal, a seaman, to Paradise Divers, owner of the M/V Paradise Diver IV, in March and May of 2002 was sufficient written notice of a claim, under 46 App. U.S.C. section 185, to begin the running of the six-month limitation period during which a vessel owner must file an action for limitation of liability; letters from Upmal to Paradise Divers referenced claims under the Jones Act and for unseaworthiness and maintenance and cure worth tens of thousands of dollars was sufficient to begin the running of the limitation period).

WHEREFORE, Plaintiffs, for the foregoing reasons, respectfully request this Court find that the proposed Florida laws apply; no petition for limitation of liability is viable, and grant Summary Judgement in Plaintiffs' favor and against Defendant Key West Water Tours as a matter of law.

*Tassinari, et al. v. Key West Water Tours, L.C., et al.*
*Case No. 4:06-CV-10116-KMM-MOORE-GARBER*
*Reply to KWWT's Response to Motion for Summary Judgment as to Defendant's Liability*
--------------------------------------------------------------------------------------------------------

Respectfully submitted this 4th day of June, 2007

/s/   *P. Leigh McMillan Minoux, Esq.*
P. Leigh McMillan Minoux, Esq.
Florida Bar No.: 624543
Leigh@rodriguez-aronson.com
Domingo C. Rodriguez, Esquire
Florida Bar No.: 394645
Domingo@rodriguez-aronson.com
RODRIGUEZ, ARONSON & ESSINGTON, P.A.
2121 Ponce de Leon Boulevard, Suite 730
Coral Gables, Florida 33134
T+   305/ 774-1477
F+   305/ 774-1075

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES that on June 4th, 2007, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record identified below, via transmission of Notice of Electronic Filing generated by CM/ECF or by some electronic form of service and/or via facsimile 954/ 568-0085, to:

Bruce Trybus, Esq.
COONEY, MATTSON, LANCE, BLACKBURN, RICHARDS & O'CONNOR, P.A.
P.O. Box 14546
Ft. Lauderdale, Florida 33302

Joshua Brankamp, Esq.
COONEY, MATTSON, LANCE, BLACKBURN, RICHARDS & O'CONNOR, P.A.
1600 West Commercial Boulevard, Suite 200
Fort Lauderdale, Florida 33309

Jeffrey Wilkerson, *Pro Se*
7519 Lone Eagle Drive
Murfreesboro, Tennessee 37128
obsvr@bellsouth.net

/s/   *P. Leigh McMillan Minoux, Esq.*
P. Leigh McMillan Minoux, Esq.