## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## IN ADMIRALTY

Case No. 06-10116-CIV-MOORE/GARBER

RONALD TASSINARI, an individual, SHEILA
SILVA, individually, and as next best friend of
ASHLEY SILVA, a minor,

        Plaintiffs,

vs.

KEY WEST WATER TOURS, L.C., a Florida
corporation,

        Defendant.

_____

KEY WEST WATER TOURS, L.C., a Florida
corporation,

        Third-Party Plaintiff,

vs.

JEFFREY WILKERSON,

        Third-Party Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO STRIKE, TO SEVER, AND FOR SUMMARY JUDGMENT

    THIS CAUSE came before the Court upon Plaintiffs' Motion to Strike Demand for Jury,

to Sever, and for Summary Judgment as to Certain Affirmative Defenses (DE # 25).

    UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being

otherwise fully advised in the premises, the Court enters the following Order.

### I.    Background

    Plaintiffs are residents of Massachusetts.  Defendant Key West Water Tours, L.C. is a

Florida corporation doing business in Monroe County, Florida, as a personal watercraft (Jet Ski)

rental agency and provider of guided personal watercraft tours to the public. On or about July 9, 2004, Defendant rented personal watercraft to the Plaintiffs at or near Key West, Monroe County, Florida. Defendant then proceeded to take a group of personal watercraft renters, including Plaintiffs and Third-Party Defendant Jeffrey Wilkerson, on a guided tour from its marina out to the area's surrounding waters.

During the tour, the watercraft operated by Third-Party Defendant Jeffrey Wilkerson collided with the watercraft operated by Plaintiffs Ronald Tassinari and Ashley Silva, injuring Plaintiffs Ronald Tassinari and Ashley Silva.

Plaintiffs bring the instant motion requesting the Court (1) to strike Defendant's demand for a jury trial because this is a case under maritime law; (2) to sever Defendant's claims against Third-Party Defendant Jeffrey Wilkerson, so those claims will not destroy the Plaintiffs' right to a bench trial; and (3) for summary judgment as to several affirmative defenses pled by Defendant. Defendant indicates that it "withdraws its request for a jury trial [and] . . . withdraws the affirmative defenses listed in paragraphs 12, 14, 15, and 16 of its Answer." Def. Resp. at 1–2. Defendant's withdrawals make Plaintiffs' motion moot except for the dispute over whether Plaintiffs are entitled to summary judgment as to Defendant's affirmative defenses of comparative negligence and failure to mitigate damages.

## II.    Standard of Review

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file, together
> with the affidavits, if any, show that there is no genuine issue as to any
> material fact and that the moving party is entitled to judgment as a
> matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's
> pleading, but the adverse party's response, by affidavits or as otherwise
> provided in this rule, must set forth specific facts showing that there is a
> genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III.   Discussion

In maritime collision cases fault is judged under a comparative negligence standard. Trinidad Corp. v. S.S. Keiyoh Maru, 845 F.2d 818, 822, (9th Cir. 1988) (citing United States v. Reliable Transfer Co., Inc., 421 U.S. 397, 411 (1975)).  Defendant asserts that a rational finder of fact could find that Plaintiffs could have taken some evasive action or opportunity to escape the oncoming watercraft; therefore, comparative negligence should be decided at trial after testimony on the events of the collision.  Plaintiffs argue they are entitled to summary judgement because (1) fault is presumed when a moving vessel collides with a stationary, visible object, (2) when a vessel is suddenly put in extreme danger by the actions of another ship, the vessel put *in extremis* will not be blamed for mistakes made under the pressure of the extreme situation, and (3) because Plaintiff Ashley Silva is a minor and was not driving the watercraft, she cannot be held at fault.

The presumption of fault when a moving vessel collides with a stationary, visible object does not apply when the alleged stationary object is not at anchor, or made fast to the shore, or aground.  Yarmouth Sea Products Ltd. v. Scully, 131 F.3d 389, 393 (4th Cir. 1997).  The Plaintiffs' watercraft was at a stop in the water, but it was not anchored in the water, or made fast to the shore, or aground.  Therefore, this presumption does not justify summary judgment as to comparative negligence.

The *in extremis* doctrine or "agony of the moment defense" applies when a ship is placed in sudden peril through no fault of its own and is forced to take "evasive maneuvers that may be a violation of a rule." City of Chicago v. M/V Morgan, 375 F.3d 563, 577 (7th Cir. 2004) (citing 2 Thomas J. Schoenbaum, Admiralty & Maritime Law § 14-2 n. 49 (4th ed.2004)).  "Normally,

4

the law of collision assumes there will be a reasonable opportunity for decision, however, this assumption is abandoned in cases of sudden peril." M/V Morgan, 375 F.3d at 578 (citing Richard J. Nikas, Skimming the Surface: A Primer on the Law of Collision, 9 U.S.F. Mar. L.J. 225, 240 (1996)). However, the *in extremis* doctrine "does not excuse a vessel making a wrong maneuver *in extremis* where the imminence of the peril was occasioned by the fault or negligence of those in charge of the vessel, or might have been avoided by earlier precautions which it was bound to take." M/V Morgan, 375 F.3d at 577 (citing 70 Am. Jur. 2d Shipping § 619 (2003)). Further, "applicability of the doctrine does not prevent a finding of liability, it merely requires courts to judge a captain's reactions more leniently because of the crisis situation." M/V Morgan, 375 F.3d at 577 (citing Grosse Ile Bridge Co. v. American Steamship Co., 302 F.3d 616, 625–26 (6th Cir. 2002)).

In this case, Plaintiffs saw Wilkerson bearing down on them at a high rate of speed and could hear that he was on the throttle as he was approaching. Tassinari Depo. at 92–94. Plaintiff Tassinari indicated that before the impact, he was "trying to will [Wilkerson] to turn the handlebar." Tassinari Depo. at 93. Plaintiff Tassinari indicated that nothing was obstructing his view of Wilkerson or Wilkerson's view of him during the approach. Tassinari Depo. at 93–94. Plaintiffs were certainly put in a serious situation, but there is at least some dispute over how sudden the peril was and whether Plaintiffs could have reacted before collision was imminent. Further, the *in extremis* doctrine only requires that the Court view Plaintiffs reactions more leniently because of a crisis situation; it does not require a finding that their reactions were devoid of any fault, no matter how small. The Court finds that the comparative negligence defense as to Plaintiff Tassinari can withstand summary judgment and should be decided at trial.

5

Under Florida law, a minor child who is just a passenger in a vehicle generally is not at fault for the negligence of the driver. Acevedo v. Acosta, 296 So. 2d 526, 528–29 (Fla. 3d DCA 1974) ("The law in Florida as to the imputation of negligence is well-settled that absent evidence of a joint enterprise or some element of an agency relationship, the negligence of the driver of an automobile is not imputable to a passenger therein."). It appears that United States maritime law is silent on this issue, and the Florida rule does seem to conflict with any maritime law. Defendant admits that Tassinari was the person controlling Plaintiffs' watercraft. Plaintiff Ashley Silva is a minor and was not in a position to control the watercraft. There appears to be no material dispute of fact whereby Plaintiff Ashley Silva could be held to be, even minimally, at fault.

Defendant argues that the "failure to mitigate damages" defense should remain, because Plaintiffs underwent procedures and incurred costs that are "both unreasonable and unnecessary." Def. Resp. at 4. Damages are ascertained, in part, by considering "the reasonable expenses of necessary medical care." Williams v. U.S., 712 F. Supp. 1132, 1136 (S.D.N.Y. 1989). A plaintiff, generally, does not have a duty to mitigate damages by accepting a less costly form of medical care, but the medical care received must be necessary and reasonable. In re Mobro Marine, Inc., 2004 WL 3222743, *27 (M.D. Fla. 2004); Ramrattan v. Burger King Corp., 656 F. Supp. 522 (D. Md. 1987). A defendant should not have to pay for medical procedures that are unrelated to the injuries or that are completely unnecessary, but a plaintiff may choose his own doctor, even if the doctor is more expensive than an alternative, and may have some say in what course his care takes. In this case, there is a material dispute over whether certain medical procedures were necessary, so summary judgment as to this defense should not be granted.

6

## IV.    Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Strike Demand for Jury, to Sever, and for Summary Judgment as to Certain Affirmative Defenses (DE # 25) is GRANTED IN PART. The demand for jury trial is STRICKEN. The request to sever is DENIED AS MOOT. The request for summary judgment is GRANTED as to the comparative negligence of Plaintiff Ashley Silva. The request for summary judgment is DENIED as to the comparative negligence of Plaintiff Tassinari, and as to the mitigation of damages defense. It is further

ORDERED AND ADJUDGED that Plaintiffs' Motion for Extension Allowing Plaintiffs' Reply as Filed, to Permit the Length of the Brief, and to Allow Submission of the Issues Briefed in Reply to Defendant's Arguments as Raised in Defendant's Response (DE # 38) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this /8/ day of June, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record

7